

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
CONCORD LINE CO LTD.

                Plaintiff,

- against -

NORTH EASTERN SHIPPING
COMPANY LTD.

                Defendant.
------------------------------------------------------X

08 CV
ECF CASE

## VERIFIED COMPLAINT

Plaintiff, CONCORD LINE CO. LTD. ("Plaintiff"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant, NORTH EASTERN SHIPPING COMPANY LTD., ("Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all material times to this action, Plaintiff was a foreign company duly organized and operating under foreign law with an office and place of business in Seoul, Korea and was the time charterer of the M/V ZOLOTAYA KOLYMA ("Vessel").

3. Upon information and belief, at all material times, Defendant was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in Magadan, Russia, and was the Owner of the Vessel.

4. Pursuant to the terms of a fixture recap for a time charter, the Plaintiff chartered the Vessel from the Defendant for a period of about 26 days.

5. The Plaintiff was required to pay hire at the rate of $15,500.00 per day payable 15 days in advance.

6. The Plaintiff complied with the fixture recap requirements and paid all of the hire, in advance, due and owing to the Defendant.

7. The fixture recap warranted that the Vessel's speed was to be maintained at 11.0 knots on 25.5 MT IFO.

8. During the course of the Charter, certain disputes arose between the Plaintiff and Defendant regarding the Vessel's speed and consumption warranties as represented by the Defendant in the fixture recap.

9. As a result of the failure of the Vessel to perform as represented in the fixture recap, the Plaintiff incurred extra bunker charges and time lost due to underperformance.

10. The Defendant breached the terms of the fixture recap and owes the Plaintiff a refund of charter hire and bunker charges paid to the Defendant in the total principal amount of **$101,950.49** as per the Charterer's final statement of account, exclusive of interest, arbitration costs and attorney's fees.

11. The fixture recap provides that any disputes arising thereunder shall be referred to arbitration in Hong Kong with English law to apply.

12. Plaintiff is preparing to commence arbitration in Hong Kong pursuant to the fixture recap.

13. Despite due demand, Defendant has failed to reimburse the Plaintiff for amounts due to Plaintiff as outlined in the Plaintiff's final statement of account.

14. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

    A. Principal claim: $101,950.49
    B. Estimated interest on claims: $21,757.01

|   |   | 3 years at 6.5%, compounded quarterly |   |
|---|---|---|---|
|   | C. | Estimated fees and costs: | $18,500.00 |

**Total**                                                                $142,207.50

15. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

16. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$142,207.50.**

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels,

credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$142,207.50** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.   That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any London arbitration award in Plaintiff's favor against the Defendant as a judgment of this Court;

D.   That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E.   That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: April 16, 2008
New York, NY

The Plaintiff,
CONCORD LINE CO. LTD.

By: /s/ Claurisse C. Orozco
Claurisse Campanale Orozco (CC 3581)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
corozco@tisdale-law.com
ttisdale@tisdale-law.com

4

## ATTORNEY'S VERIFICATION

State of New York   )
                    )   ss.:   City of New York
County of New York  )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   April 16, 2008
         New York, NY

_____
Claurisse Campanale-Orozco